

NUMBER 13-08-00186-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GLEN JONES,                                                                    Appellant,

V.

THE STATE OF TEXAS,                                                            Appellee.

On Appeal from the County Court at Law
of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion Per Curiam**

Appellant attempts to appeal from a judgment adjudicating him guilty of driving while intoxicated. The appellant was sentenced to confinement for sixty days and a fine of $2000. The trial court's certification of the defendant's right of appeal does not contain the defendant's signature. *See* TEX. R. APP. P. 25.2(d).

On July 10, 2008 and October 9, 2008 the Clerk of this Court notified appellant of the necessity of a signed trial court certification in two letters. Appellant was informed that failure to complete the form could result in the matter being referred to the Court for appropriate orders. No signed certification was received.

On April 14, 2009 the State filed a motion to withdraw appellant's notice of appeal and dismiss the appeal because the appellant had served his jail sentence and served his fine and court costs by jail service, and because appellant had not filed his appellant's brief. Appellant's appointed trial counsel filed a response to the State's motion to dismiss, stating that the appellant's whereabouts were unknown; that appellant had never signed his trial court certification; that appellant did not request appointed counsel for the appeal; and that appellant does not have retained counsel for the appeal.

The Texas Rules of Appellate Procedure require the trial court to enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. *See id.* 25.2(a)(2). The certification must include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. *See id.* 25.2(d). The certification must be signed by the defendant and a copy must be given to him. *See id.* 25.2(d). The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules. *See id.* 25.2(d).

Appellant's notice of appeal included an unsigned trial court certification form. This Court notified appellant that a signed trial court certification had not been filed and requested that appellant file a signed trial court certification. As of this date, appellant has

2

not filed an amended trial court certification.[1]  The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.  TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, this appeal is DISMISSED. Any pending motions are denied as moot.

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 25th day of June, 2009.

---

[1]The Clerk of the Court notified appellant by letter dated May 8, 2009, that a motion to dismiss had been filed by the State and directed appellant to contact the Court to advise us whether he wished to proceed with his appeal.  Appellant was informed that if he wanted the Court to dismiss the appeal, he would need to sign a written motion to dismiss. Appellant has failed to respond to the Court's notice.